IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN WILLIAMS,

    Petitioner,                                      No. CIV S-98-1816 FCD EFB P

    vs.

ROBERT L. AYERS,

    Respondent.                                    ORDER

_____/

        Petitioner is a prisoner without counsel seeking a writ of habeas corpus. See 28 U.S.C. § 2254.  On August 8, 2005, the court adopted the magistrate judge's findings and recommendations and denied his habeas corpus petition, and judgment was entered.  On March 19, 2010, petitioner filed a motion under Fed. R. Civ. P. 60(b)(4) and (6) seeking relief from judgment.

        Rule 60(b) provides that the court may relieve a party from a final judgment for: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence...; (3) fraud...; (4) the judgment is void; (5) the judgment has been satisfied...or; (6) any other reason that justifies relief.  "A motion brought under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."

Petitioner argues that his motion is properly brought under sections (4) and (6) of Rule 60 because the magistrate judge who issued the findings and recommendations did not rule on one of the claims in his habeas petition. Petitioner argues that his petition presented two separate arguments: 1) "the jury's verdict of murder is contrary to the law and evidence because there was insufficient evidence to establish malice aforethought beyond a reasonable doubt," and 2) "the evidence at trial established nothing more than a manslaughter conviction based on the imperfect self-defense doctrine."

The magistrate judge's findings and recommendations stated:

> Petitioner contends the evidence was insufficient to support a finding of malice aforethought.
>
> A conviction based on insufficient evidence violates due process. Jackson v. Virginia, 443 U.S. 307, 324 (1979). Considering the evidence in the light most favorable to the prosecution, the court reviews the record to determine if any rational trier of fact could find the elements, as defined by state law, beyond a reasonable doubt. Id.; Hendricks v. Vasquez, 974 F.2d 1099, 1106 (9th Cir. 1992).
>
> In California, the unlawful killing of a human being with malice aforethought, express or implied, is murder. Cal. Pen. Code §§ 187(a), 188. Second degree murder is proved by evidence the accused specifically intended to kill or committed an act inherently dangerous to human life with conscious disregard for the consequences. In re Sergio R., 279 Cal. Rptr. 149 (Cal. App. 1991); People v. Nieto Benitez, 13 Cal. Rptr.2d 864, 872-73 (Cal. 1992). Petitioner's conduct was inherently dangerous to human life and exhibited conscious disregard for obvious consequences. Even when viewed without the permitted bias for the state, the evidence was entirely adequate for a rational trier of fact to find all of the elements of second-degree murder beyond a reasonable doubt upon either theory.

Dckt. No. 72 at 12-13. Petitioner argues that this ruling only applies to his first claim, and that the court failed to reach the merits of his second claim.

Petitioner is mistaken. There can only be one sufficiency of the evidence claim. The magistrate judge ruled against petitioner's claim that the evidence was insufficient to

2

1 support a finding of malice; that is, he found that there was sufficient evidence for a rational fact-
2 finder to find all of the elements of second-degree murder beyond a reasonable doubt.  Had the
3 evidence so overwhelmingly supported petitioner's imperfect self-defense claim so that a
4 rational fact-finder could not have found him guilty of murder, the element of malice would have
5 been negated.  Thus, the magistrate judge's ruling addressed petitioner's sufficiency of the
6 evidence arguments.

7 As petitioner's Rule 60 motion lacks merit, the court need not address its
8 timeliness.

9 Accordingly, it is ORDERED that petitioner's March 19, 2010 motion for Rule
10 60(b) relief is denied.

11 Dated: July 23, 2010.

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3